# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| Alicia E.,<br><br>          Plaintiff,<br><br>vs.<br><br>Kilolo Kijakazi, Commissioner of Social Security,<br><br>          Defendant. | 2:22-cv-01443-VCF<br><br>**Order**<br><br>MOTION TO REMAND [ECF NO. 23]; CROSS-MOTION TO AFFIRM [ECF NO. 25] |

This matter involves plaintiff Alicia E.'s request for a remand of the Administrative Law Judge's ("ALJ") final decision denying her social security benefits. Alicia filed a motion for remand (ECF No. 23) and the Commissioner filed a cross-motion to affirm. (ECF No. 25). I grant plaintiff's motion to remand and deny the Commissioner's cross-motion.

**I.     Background**

Alicia E. filed an application for supplemental security income on December 12, 2018, alleging disability commencing September 3, 2018. AR[1] 229-34. The ALJ followed the five-step sequential

---

[1] The Administrative Record ("AR") is at ECF No. 20.

1

evaluation process for determining whether an individual is disabled.  20 C.F.R. § 404.1520.  The ALJ agreed that Alicia did not engage in substantial gainful activity since her application date of September 3, 2018. AR 30. Alicia suffered from medically determinable severe disorder of the spine; disorder of the muscle, ligament, and fascia; cirrhosis; post-traumatic stress disorder; depression; and anxiety. AR 31. The ALJ decided that the impairments did not meet or equal any "listed" impairment. *Id*., citing 20 C.F.R. part 404, subpart P, Appendix 1. The ALJ assessed Alicia as retaining the residual functional capacity ("RFC") to perform the demands of:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can lift and/or carry 10 pounds occasionally and less than 10 pounds frequently. She can stand and/or walk 2 hours in an 8-hour workday. She can sit 6 hours in an 8-hour workday. She can occasionally push and pull with her bilateral upper extremities. She can never climb ladders, ropes or scaffolds. She can occasionally balance or crawl. She can frequently climb ramps or stairs, stoop, kneel or crouch. She is capable of occasional overhead reaching. She must avoid concentrated exposure to vibration and hazards such as unprotected heights and dangerous moving machinery like chainsaws and jackhammers. She is capable of understanding, remembering and carrying out simple and some detailed tasks, with concentration, persistence and pace for such, characteristic of SVP 1 to 4.

AR 33, citing to 20 C.F.R. §§ 404.1567; 416.967.

The ALJ compared the residual functional capacity assessed to the demands of Alicia's past relevant work as a security guard, home health aide, and car rental clerk and decided that Alicia could not perform that kind of work. AR 38.  The ALJ classified Alicia as a younger individual on the alleged onset date. *Id.* The ALJ categorized Alicia as possessing a limited education and ability to communicate in English. *Id.* The ALJ treated the question of transferability of skills as immaterial. *Id.*

The ALJ adduced and accepted testimony of a vocational expert that an individual of Alicia's age, education, work experience, and residual functional capacity could perform the work of a general

2

office clerk (DOT 209.587–010); information clerk (237.367–046); and credit authorizer (DOT 205.367–014). AR 38–39.  The ALJ concluded that Alicia did not suffer from a disability between September 3, 2018, and the date of the decision. AR 39.

Plaintiff argues that the ALJ's finding that plaintiff can perform a semi-skilled occupation, without finding transferable skills, lacks the support of substantial evidence. ECF No. 23. Plaintiff also argues that where the ALJ limits plaintiff to simple and some detailed tasks, identification of work requiring reasoning level 3 constitutes error. *Id.* Plaintiff also argues that the ALJ relied upon the identification of an obsolete occupation. *Id.*

The government argues that the ALJ relied on substantial evidence at step 5. ECF Nos. 25 and 26. The government also argues that the ability to perform both "simple and some detailed tasks" is consistent with Level 3 Reasoning. *Id.* The government does not agree that the ALJ relied on semi-skilled or skilled jobs at step 5. *Id.* The government also argues that relying on an obsolete job is harmless error. *Id.*

Plaintiff argues in the reply that the ALJ erred in failing to resolve the apparent conflict arising from a limitation to simple and some detailed tasks and reasoning level 3 occupations. ECF No. 27. The plaintiff also argues that the ALJ erred in finding Alicia could perform semi-skilled occupations despite finding transferrable skills immaterial. *Id.* Plaintiff also argues that the identification of an obsolete occupation is not harmless error. *Id.*

**II.     Discussion**

    **a.   Legal Standard**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law.  U.S. Const. amend. V.   Social security plaintiffs have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v.*

3

*Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990).  When the Commissioner of Social Security renders a final decision denying a plaintiff's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The substantial evidence threshold "is not high" and "defers to the presiding ALJ, who has seen the hearing up close." *Id.* at 1154, 1157; *Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir. 2020) (quoting *Biestek*); see also *Valentine v. Astrue*, 574 F.3d 685, 690 (9th Cir. 2009) (substantial evidence "is a highly deferential standard of review"). The substantial evidence standard is even less demanding than the "clearly erroneous" standard that governs appellate review of district court fact-finding—itself a deferential standard. *Dickinson v. Zurko*, 527 U.S. 150, 152-53 (1999). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The District Court's review is limited.  *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence."  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla"

of evidence). If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

To find a claimant not disabled at step five, an ALJ must identify whether they can perform work that exists in the national economy in significant numbers. 20 C.F.R. §§ 404.1566(a), 416.966(a). A court will find an error to be harmless "where it is inconsequential to the ultimate non-disability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). "Even when an agency explains its decision with less than ideal clarity, we must uphold it if the agency's path may be reasonably discerned." *Id.* at 1121 (internal quotation marks omitted) (quoting *Alaska Dep't of Envtl. Conservation v. EPA*, 540 U.S. 461, 497 (2004)).

### b. Analysis

The ALJ found that plaintiff was not disabled at step five because there were more than 250,000 other jobs she could perform in the national economy. The ALJ treated the question of transferability of skills as immaterial. AR 38. The ALJ did not adduce evidence of any transferable skills. AR 64. The vocational witness identified credit authorizer (DOT 205.367-014). AR 64. The vocational witness stated that the occupation carried "SVP 2." *Id.*

The Commissioner argues that the ALJ relied only on unskilled occupations, stating that the DOT code cited by plaintiff is a different DOT code than was cited by the ALJ and the vocational witness. ECF Nos. 25 and 26. The Commissioner argues that the ALJ did not rely on any semi-skilled work at step five, stating that plaintiff cited to a different DOT code in her motion. The plaintiff argues in her reply that the Commissioner failed to mention that both the vocational witness and the ALJ identified that same DOT code. AR 33; AR 64.

The vocational witness stated that a hypothetical person with plaintiff's residual functional capacity would be capable of performing the work of a credit authorizer, identifying DOT code 205.367-

014. The DOT code identified by the vocational witness does not identify credit authorizer; instead, DOT 205.367-014 is associated with charge-account clerk. DICOT 205.367-014, (G.P.O.), 1991 WL 671715. Credit authorizer is assigned DOT code 249.367-022. DICOT 249.367-022, (G.P.O.), 1991 WL 672327. Charge-account clerk is not an alternate title for credit authorizer; the vocational witness failed to impliedly identify charge-account clerk. It is unclear whether the ALJ intended to identify the DOT name of charge account clerk or the DOT code of credit authorizer. Citing the wrong DOT code constitutes error. *Robert L. P. v. Kijakazi*, No. CV 20-10135-E, 2021 WL 4913498, at 5 (C.D. Cal. Aug. 31, 2021*); Jose G. v. Comm'r, Soc. Sec. Admin*., 2022 WL 4378137, at 5 (D. Or. Sept. 22, 2022); *Solorio v. Comm'r of Soc. Sec. Admin*., 2022 WL 4545751, at 4 (D. Ariz. Sept. 29, 2022).

        The parties do not appear to dispute that the vocational witness identified a mismatched DOT name and code. I find that the record is not clear which occupation the vocational witness intended to identify. Since the two occupations entail different cognitive demands, the error is not harmless. The ALJ made no finding regarding transferability of skills, precluding any occupation requiring more than unskilled work. In the alternative, both occupations require reasoning level 3, conflicting with plaintiff's limitation to "simple and some detailed work." The agency's path here cannot be reasonably discerned given the conflicting limitations. See *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). The vocational witness identified the DOT name charge-account clerk but mistakenly identified the DOT code for credit authorizer. Charge-account clerk entails SVP 2 and reasoning level 3. DICOT 205.367-014, (G.P.O.), 1991 WL 671715. Credit authorizer entails SVP 3 and reasoning level 3. The discrepancy in the SVP of the two occupations indicates the error is not harmless. *Solario*, 2022 WL 4545751, at 4. I find that it is unclear whether the vocational witness intended to identify clerk authorizer or charge-account clerk. *Robert L. P*., 2021 WL 4913498, at 5. The SVP of the identified occupation is at issue in this case. I find that this error is not harmless because it may have changed the disability determination.

The ALJ's opinion is also not clear given that the charge-account clerk still requires reasoning level 3, given that plaintiff is incapable of performing reasoning level 3 occupations. A limitation to "simple and some detailed tasks" is incompatible with reasoning level 3. *Zavalin,* 778 F.3d at 847; *Roderick L. A. G*, 2021 WL 2590159, at 6; *Pugh*, 2019 WL 3936192, at 5; *Cali*, 2017 WL 1276947, at 6. I find that the ALJ failed to resolve the conflict.

The parties also appear to agree that the ALJ erred in relying upon an obsolete occupation, but the Commissioner argues that this error is harmless. Plaintiff argues that the error is not harmless because general office clerk (DOT 209.587-010) is obsolete. Both of the other occupations the ALJ identified entail reasoning level 3, leaving no work that plaintiff could perform in the national economy. The DOT classifies telephone quotation clerk and credit authorizer as requiring reasoning level 3. DICOT 237.367-046 (G.P.O.), 1991 WL 672194; DICOT 249.367-022 (G.P.O.), 1991 WL 672327. The error is not harmless as it is consequential to the ultimate non-disability determination.

I am unable to deem these errors to have been harmless. See *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (an error "is harmless where it is inconsequential to the ultimate non-disability determination") (citations and quotations omitted); *McLeod v. Astrue*, 640 F.3d 881, 887 (9th Cir. 2011) (error not harmless where "the reviewing court can determine from the 'circumstances of the case' that further administrative review is needed to determine whether there was prejudice from the error").

There are significant unanswered questions in the present record. The circumstances of this case suggest that further administrative proceedings could remedy the ALJ's errors. I find that remand is appropriate. See *McLeod v. Astrue*, 640 F.3d at 888; see also *INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances*); Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2018) ("an automatic award of benefits in a disability benefits case is a rare and prophylactic

exception to the well-established ordinary remand rule"); *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits"); *Treichler v. Commissioner*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) (remand for further administrative proceedings is the proper remedy "in all but the rarest cases"); *Harman v. Apfel*, 211 F.3d 1172, 1180-81 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record").

    I remand this case based on the errors finding (1) plaintiff could perform semi-skilled occupations without finding transferrable skills and (2) relying upon the identification of an obsolete occupation. I do not reach the other issues of that plaintiff raised in her motion. I remand this case to obtain further evidence.

    Accordingly,

    I ORDER that plaintiff Alicia's motion for reversal and/or remand (ECF No. 23) is GRANTED and the Commissioner's cross-motion to affirm (ECF No. 25) is DENIED.

    The Clerk of Court is directed to enter final judgment in favor of plaintiff.

    DATED this 12th day of June 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE